IN THE MATTER OF THE APPLICATION OF EDWIN WELCH et al., GUARDIANS OF THE PERSON OF GEORGE M. WELCH, AN INFANT, FOR THE CUSTODY OF SAID INFANT.

| 74 | 299 |
| 122 | 241 |

Considerations affecting the health and welfare of a child may justify a court in withholding the custody of it temporarily even from its legal guardians; and they are so purely matters of discretion with the court of original jurisdiction that this court will not review the conclusions thereon, unless some manifest error or abuse of discretion is made to appear.

(Argued May 24, 1878; decided September 17, 1878.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, affirming an order of Special Term, dismissing a writ of *habeas corpus* and denying the application of petitioners for the custody of George M. Welch, an infant under the age of fourteen years.

Said infant was the son of John D. Welch, jr. and Kate Welch, his wife. On the 21st day of April, 1874, said John D. Welch, jr., died, leaving his widow and infant son him surviving. About fourteen months previous to the happening of that event, his wife voluntarily left him because of a disagreement between herself and his family relatives, with whom they had resided. Her mother died when she was about the age of two and one-half years. Her father had died before that time, when she was of the age of about six months. Upon the decease of her mother, her aunt, Catharine M. Britton, received the custody of Kate, and the latter continued to reside with her from that time until her marriage, at the age of twenty, to Welch. She was carefully and properly brought up by her aunt, and when she separated from her husband, she returned with her child to reside with her said aunt again. Previous to the decease of her husband, he made a will, by which it was provided that the petitioners should be the guardians of the child. The testator's wife and child continued to reside with her aunt until her own decease, which took place on the twenty-fourth of last December. Before the occurrence of that event she expressed her wishes that her child should be received and brought up by Miss Britton, and he was formally given to her by his mother. She also made a will by which, in terms, she committed his custody to her uncle, Edward E. Burbanck, and her aunt, Miss Britton. It appeared that the child was much attached to Miss Britton, who was devoted to him and treated him with uniform kindness and affection. His health was very delicate.

The order was "without prejudice to any future application for custody of said infant," and provived that the petitioners should be allowed to see him at all reasonable times.

*Edward T. Bartlett,* for appellants. In a case where an infant is of such tender years as to be unable to exercise an intelligent discretion the court must interfere and decide for him. (*The King* v. *Greenhill,* 4 Adol. & Ell., 624; *In re*

*Preston,* 5 Dowl. & Lowendes, 247; *Rex* v. *Johnson,* 1 Strange, 579; *In re Lloyd,* 3 Manning & Granger, 547; *Lord Westmeath's children,* 1 Jacob, 245, note *c; Wollstoncroft,* 4 Jh. Ch., 82; *People* v. *Mercein,* 8 Paige, 45; *People* v. *Kling,* 6 Barb., 178; *Wilcox* v. *Wilcox,* 22 id., 178; aff. 14 N. Y., 575; *Ex parte McClellen,* 1 Dowl. Pr. Ca., 81.)

*Albert Stickney,* for respondent. The question of the custody of children is decided with a view simply to their welfare and without regard to mere legal right. (*In re Clifton,* 47 How., 172; *In re McDowle,* 8 J. R., 328; *In re McKaen,* 17 Abb., 399; *People* v. *Erbert,* id., 395; *In re Murphy,* 12 How., 513; 2 Kent's Com., 194.)

RAPALLO, J. The order appealed from affects only the temporary custody of the infant, who is of tender years, and is declared to be without prejudice to any future application by the petitioners for such custody. It does not determine the question of legal right, or of the validity of the appointment of the petitioners as guardians but as appears from the opinions was based upon considerations affecting the health and welfare of the child which in the judgment of the court below rendered it expedient to leave it temporarily in the custody of the aunt, to whose care it was committed by the mother. Such considerations may justify a court in withholding the custody of a child even from its legal guardians, and they are so purely matters of discretion, that we are not disposed to review the conclusions of the court which had all the parties before it, in such a case, unless some manifest error, or abuse of discretion is made to appear. After an examination of all the evidence we find no such ground for reversal, and therefore without passing upon the question of legal right we affirm the order.

All concur, except MILLER and EARL, JJ., absent.

Order affirmed.