The People ex rel. LaFayette E. Pruyne, Appellant, *v.* Charles H. Walts, Respondent.

In proceedings by habeas corpus under the Code of Civil Procedure (§§ 2015 *et seq.*) to determine the right to the custody of an infant, the court is bound to respect the rights of the parent or guardian, and these may not be overthrown by the mere wishes of the child.

The jurisdiction, however, of the court is equitable in its character; the welfare of the child is the chief object to be attained, and must be the guide for the judgment of the court.

It is competent, therefore, for the court, while recognizing the legal rights of a guardian to make a temporary disposition of the child, by delivering it to other control or custody, when, in the exercise of its discretion, it determines this to be for the best interests of the child.

Where, therefore, in proceedings by habeas corpus, instituted by a guardian to obtain the custody of a child, about seven years old, from one in whose custody the child had been placed in accordance with the wishes of its mother expressed prior to her death, and the order appealed from dismissed the writ without prejudice to other proceedings, *held,* that the order was not a final adjudication as to the legal rights of the relator, and rested in the discretion of the court, and so, was not reviewable.

(Argued June 25, 1890; decided October 7, 1890.)

Appeal from order of the General Term of the Supreme Court in the fourth judicial department, made January 10, 1888, which affirmed an order made by Mr. Justice Kennedy at Chambers, dismissing a writ of habeas corpus, "without prejudice to future proceedings."

The relator was the testamentary guardian of Terzah G. Bigelow, the infant daughter of Lyman E. and Melitta H. Bigelow, who, at the commencement of these proceedings, was between seven and eight years of age.

In September, 1883, Mrs. Bigelow left her husband, taking her daughter with her, and went to the house of her father, where she resided until her death in December, 1886. While residing with her father, who was a widower, she arranged with the respondent and his wife, that in case of her death, her daughter should make her home with them, and a few days after the mother's death, the child became a member of

the respondent's family. Lyman E. Bigelow died in August, 1884, leaving a will, by which, after giving small legacies to his wife and daughter, he made the relator residuary legatee of his estate, and appointed him guardian of the person and estate of his daughter. This proceeding was instituted in January, 1887.

The order remanded the child to the care and custody of the respondent, until the further order of the court.

*Watson M. Rogers* for appellant. The testamentary guardian is entitled to the custody and tuition of his ward during her minority. (3 R. S. [7th ed.] 2346, §§ 1, 2; Laws of 1871, chap. 32, § 1; 4 R. S. [8th ed.] 2612, §§ 2, 3; *Fitzgerald* v. *Fitzgerald*, 24 Hun, 270; 2 Kent's Comm. 225; *In re Reynolds*, 11 Hun, 41; Tyler on Infancy, 286, § 189; *In re Andrews*, L. R. [8 Q. B. Div.] 152; *Wilcox* v. *Wilcox*, 14 N. Y. 275; *In re Hubbard*, 82 id. 92.) The relator's practice is regular. (Const. art. 6, §§ 3, 5, 6; *Wilcox* v. *Wilcox*, 14 N. Y. 575; *In re Hubbard*, 82 id. 92; *People ex rel.* v. *Cory*, 46 id. 410; *Phinney* v. *Brosdell*, 36 id. 544; Code Civ. Pro. §§ 2015, 2017; 4 R. S. [8th ed.] 2607, §§ 1, 2.) This order is appealable. (4 R. S. [8th ed.] 2612, § 2; *People ex rel.* v. *Liscomb*, 60 N. Y. 559; *People* v. *Comr. of Parks*, 97 id. 37; *People* v. *McCarthy*, 102 id. 630; *People* v. *Comrs. Fire Department*, 103 id. 370.) The court below ought not to have imposed costs, as was done to the extent of $102.56. (*Couch* v. *Millard*, 41 Hun, 212.)

*Levi H. Brown* for respondent. The trial court and General Term, having, upon view of all the facts relating to the present welfare and interests of the infant, and her own choice, exercised their discretion in dismissing the writ, and leaving her to remain where she was "without prejudice to future proceedings," this appeal should be dismissed, with costs to respondent. (Code Civ. Pro. §§ 190, 1356, 1360, 2058; *In re Larson*, 96 N. Y. 381; *People ex rel.* v. *Weissenbach*, 60 id. 385, 393; *People ex rel.* v. *Allen*, 105 id. 628;

*People ex rel.* v. *McCarthy*, 10½ id. 630 ; *Lawrence* v. *Farley*, 73 id. 187 ; Code Civ. Pro. § 1337 ; 92 N. Y. 643 ; 103 id. 156 ; 113 id. 275–282 ; 105 id. 198 ; 99 id. 388 ; 106 id. 251–256, 257–262 ; 64 id. 60.) The learned judge who saw the child, and saw and heard the witnesses, in dismissing the writ exercised his discretion as to what was for the then best interest and welfare of this child, as well as its wishes, and the General Term having affirmed such determination, this court, even if it has power and sees fit to examine the evidence as to the facts, will not reverse it, unless there was either an abuse or clear misapplication of such discretion or an erroneous application of the law to the facts proved. (*Mather* v. *Welch*, 74 N. Y. 299 ; *Baird* v. *Mayor, etc.*, 96 id. 567, 576 ; *In re Waldron*, 13 Johns. 417 ; *In re Woodstoncraft*, 4 Johns. Ch. 80 ; *People ex rel.* v. *Gates*, 43 N. Y. 40–48 ; *People ex rel.* v. *Weissenbach*, 60 id. 385, 393 ; *Mercein* v. *People*, 25 Wend. 64, 101–106 ; *In re Murphy*, 12 How. Pr. 513 ; *People ex rel.* v. *Porter*, 1 Duer. 709–721 ; *People ex rel.* v. *Kling*, 6 Barb. 366 ; 10 Abb. [N. C.] 215 ; 10 Ves. 59 ; 4 Johns. Ch. 80.) The power and duty of the care, custody and control of the person and property of infants, existing and exercised for nearly as long a time, coming to us from the same source, and formerly vested in our Court of Chancery, is now vested in our Supreme Court and justices thereof, by our Constitution, article 6, section 6, and such power cannot be divested, abridged or limited, save as permitted by the organic law. (*DeHart* v. *DeHart*, 3 Hun, 375 ; Code Civ. Pro. § 217 ; *Youngs* v. *Carter*, 10 Hun, 194 ; 2 Story's Eq. Juris. §§ 1327, 1337–1341 ; *In re Hubbard*, 82 N. Y. 90, 92 ; *Wilcox* v. *Wilcox*, 14 id. 575–578 ; 8 Paige, 47, 55, 69 ; *People ex rel.* v. *Corey*, 46 Hun, 408 ; 2 Kent's Comm. 220–223 ; 8 How. [U. S.] 495, 555, 556 ; *Wood* v. *Wood*, 5 Paige, 596–605 ; 14 N. Y. 578 ; Tyler on Infancy, 249, 252, 253 ; 3 R. S. [7th ed.] 2346, 2347 ; Laws of 1871, chap. 32 ; *People* v. *Wilcox*, 22 Barb. 189 ; *In re Reynolds*, 11 Hun, 43 ; *Haggerty* v. *Haggerty*, 9 id. 175 ; *Fitzgerald* v. *Fitzgerald*, 24 id. 370.)

BROWN, J.    This case is very similar in its facts to *In re Welch* (74 N. Y. 299). There, as here, the contest was between the testamentary guardian appointed by the will of the father and those to whose custody the mother had committed the child. There, as here, the Special Term dismissed the writ, without prejudice to further proceedings, for reasons affecting the health and welfare of the child. This court dismissed the appeal, holding that such reasons justified the withholding the custody of the child from its legal guardian, and that the matter was one so purely within the discretion of the Special Term that its conclusions would not be reviewed.

We are of the opinion that the same disposition must be made of this appeal. (*People ex rel. Allen* v. *Allen*, 105 N. Y. 628.)

The learned counsel for the relator claims that it was an abuse of discretion to withhold the custody of the child from its legal guardian. The rights of the guardian are no greater than those of the father, and the cases are numerous where the custody of an infant has been withheld from the father upon considerations relating to the child's welfare. (*In re M'Dowle*, 8 Johns. 328 ; *People ex rel. Whele* v. *Weissenbach*, 60 N. Y. 385.)

The common-law writ of habeas corpus was a writ in behalf of liberty, and its purpose was to deliver a prisoner from unjust imprisonment and illegal and improper restraint. It was not a proceeding calculated to try the rights of parents and guardians to the custody of infant children. It was of frequent use, however, when children were detained from their parents or guardians on the ground that absence from legal custody was equivalent to illegal restraint and imprisonment. In the case of children of the age of discretion the object of the writ was usually accomplished by allowing the party restrained the exercise of his volition, but in the case of an infant of an age to be incapable of determining what was best for itself the court or officer made the determination for it, and, in so doing, the child's welfare was the chief end in view.

(*Rex* v. *Delaval*, 3 Burr, 1435 ; *In re Waldron*, 13 Johns. 418 ; *People ex rel. Barry* v. *Mercein*, 8 Paige, 47 ; 25 Wend. 73; *People ex rel. Wilcox* v. *Wilcox*, 22 Barb. 178; *Wilcox* v. *Wilcox*, 14 N. Y. 575 ; *People ex rel. Whele* v. *Weissenbach*, 60 id. 385 ; Hurd on Habeas Corpus, chap. 9.) The purpose of the writ as now regulated by the Code is the same. (Code Civ. Pro. §§ 2015–2031.)

The court is bound to respect the legal rights of the parent or guardian, and their rights cannot be overthrown by the mere wishes of the child. But the jurisdiction to be exercised by the court or officer is equitable in its character, and the welfare of the child is the chief object to be attained, and must be the guide for the judgment of the court.

It is entirely competent, therefore, for the court while recognizing the legal rights of the guardian to make a temporary disposition of the child, and deliver it to other control or custody when such disposition is for the best interests of the child, and this is a matter which rests very largely in the discretion of the court or officer who issues the writ.

Such was the only order made in this case. It provided that it should be without prejudice to a renewal of the relator's application, and no final adjudication against the legal right of the relator has been made.

We are of the opinion, therefore, that there is nothing before us for review.

The appeal should be dismissed, with costs.

All concur, except FOLLETT, Ch. J. not sitting.

Appeal dismissed.