PEOPLE ex rel. KEATOR v. MOSS.

(Supreme Court, Appellate Division, First Department. June 5, 1896.)

1. HABEAS CORPUS—CUSTODY OF CHILD—PROCEDURE.

A proceeding in habeas corpus for the custody of a child does not lose its character as such by the return of the writ, and an application by the father for the custody of the child, but, until final adjudication, is governed by the rules laid down for the procedure of the court in such cases. Ingraham and Barrett, JJ., dissenting.

2. SAME—INTERLOCUTORY ORDER—APPEAL.

Under Code Civ. Proc. § 2058, providing that in habeas corpus an appeal will not lie, except from an order refusing to grant the writ, or from a final order, made on the return of the writ, to discharge or remand the prisoner, or to dismiss the proceedings, an appeal will not lie from an order directing a reference to take testimony in habeas corpus for the custody of a child.

Appeal from special term, New York county.

Application by Thomas R. Keator for a writ of habeas corpus, directed against Theodore Moss, to determine the right to the custody of the child of the relator. From an order directing a ref-

erence to take testimony upon the return of the writ, defendant appeals. Dismissed.

Argued before BARRETT, RUMSEY, WILLIAMS, PATTER-SON, and INGRAHAM, JJ.

A. H. Hummel, for appellant.
John McCrone, for respondent.

RUMSEY, J. This is a proceeding to determine the right to the custody of the child of the relator. It was commenced by habeas corpus. A return was made which set up the former adjudication on the subject made by the superior court some three years before the present proceeding was begun. To that return a traverse was filed, and some further proceedings were had which will be referred to subsequently. Thereupon the order appealed from was made, which was, substantially, that the matter was referred to a referee, with directions to take the testimony and report the same to the judge who made the order.

The first question presented is whether the order is an appealable one. An examination of that question requires an investigation into the nature of the proceeding. The proceeding, in its commencement, was by habeas corpus. It was begun by the service of a petition, and the issue of a writ, as prescribed by the Code of Civil Procedure; and thus far it has proceeded, in all respects, under the provisions of that statute. It has been claimed that the proceeding, in its nature, is not one of habeas corpus; but that the writ of habeas corpus, having exercised its function by bringing the child whose detention was being inquired into before the court, has become functus officio, and that thereafter the proceeding is one upon the equity side of the court,—not governed by any particular statute. This view, we think, cannot be maintained. The nature of this proceeding for the custody of children has been examined many times. It has been settled law in this state and in England that there is no other proceeding at common law to inquire into the custody of children, than that by habeas corpus. The matter was the subject of investigation in People v. Mercein, 8 Paige, 47, 55, where a writ of habeas corpus was sued out before the chancellor. It became necessary for the chancellor, in that case, in determining the question as to what were his powers with reference to the disposition of the child, to examine into the nature of the proceeding before him. He clearly states that the proceeding is before him only by virtue of his common-law powers as chancellor, and is not one pending upon the equity side of the court. These views were reiterated by him subsequently when the same question came up between the same parties, upon another writ of habeas corpus, in Mercein v. People, 25 Wend. 95. In each of these cases the chancellor evidently desired to find some way in which it would be practicable for him to decide the case presented upon the rules laid down by the court of equity with regard to the custody of children, but he was prevented from doing so because he was bound by the rules prescribed in such cases in habeas corpus

proceedings. The only question which the chancellor made in either case was whether or not the court was at liberty to proceed under the common-law system of procedure, or was bound to proceed according to the rules laid down by the Revised Statutes. An examination of the cases will show that the English court of chancery only claimed the right to inquire into the custody of children by virtue of the delegated power from the crown as parens patriæ, and not by virtue of any other common-law jurisdiction. De Manneville v. De Manneville, 10 Ves. 63; Butler v. Freeman, Amb. 302; Snell, Eq. 498. In Butler v. Freeman, supra, Lord Hardwicke, in examining into the source of the jurisdiction of the court of chancery, lays down the rule as above stated, and says that even then the court has no jurisdiction except where there is a suit pending. The question of the jurisdiction of the court of chancery was finally examined in England in the case of Wellesley v. Wellesley, 2 Bligh (N. S.) 130, by the house of lords; and the conclusion there was that such jurisdiction was received by the court as a part of the great seal, and as representing the king as parens patriæ. A proceeding which begins as one by habeas corpus does not lose that character during its pendency, and it must be carried on in conformity with the rules laid down by the legislature governing the procedure of the court in such cases. People v. Mercein, 8 Paige, 47; Mercein v. People, 25 Wend. 64; People v. Chegaray, 18 Wend. 637. The statute says that the writ must be returned, and immediately after the return of the writ the court must examine into the facts alleged in the return. Code, § 2031. It says, further, that the person produced upon the return of the writ may, under oath, deny any material allegation of the return, or make any allegation of fact showing that his detention is unlawful, or that he is entitled to his discharge. Section 2039. Proceedings in these cases are not governed by the strict rules of pleading which are applicable to civil actions. They are summary in their nature, and the only requirement is that there shall be presented to the court or judge some facts or allegations in such a way that he may know that the allegations of the return are denied. The statute does not say that such denials or allegations must be by way of formal traverse (as matter of practice, they are made by a traverse to the return), or they may be made by affidavit, or they may even be made orally. The statute does not prescribe any manner in which the return shall be denied. The question was presented to the supreme court under the Revised Statutes, the provisions of which are substantially like those of the Code of Civil Procedure, and it was held that the denial might be made, not only by traverse, but by affidavit; and such a denial was received in the case of People v. Chegaray, 18 Wend. 637, 641, where the question was thoroughly discussed whether denials by affidavit might or might not be permitted. In that case Judge Bronson, delivering the opinion of the court, said that affidavits, not only of the relator, but of other people, would be received for the purpose of denying the return; and such affidavits were considered in disposing of the case.

It is claimed, however, that the action of the superior court upon the former writ of habeas corpus, in disposing of the custody of this child, was an adjudication. To a certain extent, that is undoubtedly the case. But it operates as an adjudication only upon the condition of affairs which existed at the time the former writ was sued out, which, it appears, was nearly three years before the issuing of the present one. Upon the issue of a new writ in another proceeding for the custody of the child, the relator is always at liberty to show that a new condition of things has arisen, whereby the custody which was refused to him by the former writ could properly be granted to him at the time of the issue of the new writ. People v. Mercein, 3 Hill, 399. Indeed, in that case it was held that the presumption that the adjudication had lost its force might arise simply by lapse of time, without any new allegations. That is probably not the case here. It was probably necessary in this case for the relator to make some allegations with regard to his fitness, or to the unfitness of Mr. Moss, which would require the court to examine into the case de novo, and judge whether or not, under present conditions, it was proper to award to him the custody of these children. Did he make any such allegations? So far as the traverse goes, the relator alleges that Mr. Moss is now unfit to have and retain the custody of the children; and he denies the allegation set forth in the return, that he himself is unfit. It seems to us that these allegations, of themselves, were sufficient to raise the issue. But, if they were not, the issue might have been raised by affidavit, and it appears that nearly 20 affidavits were read for the express purpose of showing whether or not this relator was a proper person to have the custody of these children. What the allegations in these affidavits were, we are not permitted to know, because the appellant has not seen fit to bring them before us. All that we know on the subject is that it was stated by the court that the situation had changed since the last proceeding, and that affidavits were produced for the purpose of showing that fact. If, having been produced, they did tend to show that fact, there was an issue upon which the court was required to pass, and with regard to which it was proper for the court to take evidence to enable it to pass understandingly. We have here, then, a proceeding summary in its nature, in which formal pleadings are not required, and upon which it was stated by the court that an issue had been made to arise, where papers were presented for the purpose of showing that there was such an issue, and upon which papers the court, conceiving that such an issue had been raised, made an order that proof should be taken to enable it to determine it. Can it be said, without advising us of the nature of the affidavits which were produced, and upon which an issue was raised, that there was nothing before the court to permit or authorize such action to be taken? There is certainly no presumption of error, but the contrary. And, unless all the papers upon which the court acted are before us, it is not possible for us to see that it proceeded erroneously in this matter. For that reason alone it was proper, in view of the necessity which had been made to arise, that further

information should be given to the court, for an order of reference to be made to obtain that information, upon which the court might act intelligently; and for that reason alone, and going no further, this appeal should be dismissed.

But there is another reason which makes it absolutely compulsory upon us to dismiss this appeal. As this proceeding is by habeas corpus, and is governed by the rules laid down by the Code, it must proceed in all respects as is provided by that statute. The Code says, in so many words, that an appeal may be taken in these proceedings from an order refusing to grant the writ, or from a final order, made on the return of the writ, to discharge or remand the prisoner, or to dismiss the proceedings. It says, further, that an appeal does not lie from an order of the court before which the writ is made returnable, except as provided in this section (section 2058). For this reason, as the law has expressly taken away the right to appeal from incidental orders of this kind in these proceedings, the appeal must be dismissed.

PATTERSON and WILLIAMS, JJ., concur.

INGRAHAM, J. (dissenting). The relator obtained a writ of habeas corpus, returnable before a justice of this court, requiring the appellant to produce before the justice granting the writ the relator's two children, in the custody of the appellant. In response to that writ the appellant produced the two children and made a return, wherein it was alleged that in August, 1893, the said relator obtained a writ of habeas corpus in the superior court, requiring the production of such children; that subsequently the respondent filed his return to such writ; that thereafter such proceedings were taken that on the 29th day of August, 1893, an order was made in such proceedings referring the matters to a referee to take proof and examine on oath the parties thereto, and such other witnesses as either party might produce; that on the 14th day of October, 1893, the said referee duly made and filed his report; that on November 23, 1893, said superior court, after hearing the respective parties, dismissed the writ, and awarded the care, custody, and control of the said children named to the respondent. And it was further alleged in such return that such order was a formal and binding adjudication and judgment of the court in respect to the matters and things alleged in the proceeding, upon which the custody of the said children is sought. A copy of that order appears in the record. As a traverse to this return, the relator did not deny the institution of such proceedings and the making of such order, but merely denied each and every allegation in the return setting forth, or tending to set forth, that he is unfit to have the custody of the children in the proceeding herein prayed for, and alleging that the appellant is unfit to have and retain the custody of said children. Upon the return to this writ the relator produced, and submitted to the justice, such proceedings in the superior court, and such order so set forth in the return. The appellant moved to dismiss the writ, and that motion

the court apparently denied.  The court proceeded to take the testimony of the witnesses produced, and subsequently entered an order directing that further proof be produced by the parties before a referee named in the order.  No formal order was entered, denying the appellant's motion to dismiss the proceedings, and the appeal is from the order directing a reference to take the testimony of the parties.

We think that it was the duty of the justice before whom the proceedings were had to dismiss the writ.  By section 2031 of the Code, it is provided that the court or judge before which or whom a prisoner is brought by virtue of a writ of habeas corpus issued as prescribed in the article must, immediately after the return of the writ, examine into the facts alleged in the return, and into the cause of the imprisonment or restraint of the prisoner.  By section 2032 of the Code it is provided that:

"The court or judge must forthwith make a final order to remand the prisoner, if it appears that he is detained in custody for either of the following causes:  *  *  *  (2) By virtue of the final judgment or decree of a competent tribunal of civil or criminal jurisdiction; or the final order of such tribunal, made in a special proceeding, instituted for any cause, except to punish him for contempt."

By the return of this writ it appeared that the children were in the custody of the appellant by virtue of a final order of the superior court made in a special proceeding, and by a traverse to that return that allegation is not denied.  No fact is alleged, either in the petition for the writ, or in the traverse to the return, by which it is shown that the relator was entitled to the discharge of the person detained, or to the custody of these children, by virtue of any of the provisions contained in section 2033 of the Code.  By section 2034 of the Code it is provided:

"But a court or judge, upon the return of a writ issued as prescribed in this article, shall not inquire into the legality or justice of any mandate, judgment, decree or final order, specified in the last section but one, except as therein stated."

The learned justice before whom this proceeding was pending was therefore expressly precluded from inquiring into the justice or legality of this final order of the superior court in the proceeding, awarding the custody of these children to the appellant. the children were not illegally deprived of their liberty, but were in the custody of the respondent, under the order of a court of competent jurisdiction; and no fact having been alleged to show that, in consequence of any event which had happened since the entry of that order, the relator was entitled to the discharge of these children, or to have their custody awarded to him, the learned justice was bound to dismiss the proceeding.  It is well settled that a final order upon a writ of habeas corpus is a final adjudication, binding upon the parties, and is, upon a subsequent application for the same purpose, res adjudicata.  In re Price, 12 Hun, 508; 9 Am. & Eng. Enc. Law, p. 238, and cases cited; Mercein v. Barry, 25 Wend. 64.  And when it appears upon a return to the writ that the person in custody is held under an order or judgment

granted by a court of competent jurisdiction, unreversed and in full force, under the express provisions of the Code, as well as upon the principle of res adjudicata, the court is bound to dismiss the writ, unless subdivision 2 of section 2033 of the Code is shown to apply, which provides that "where, although the original imprisonment was lawful, yet by some act, omission or event which has taken place afterwards, the prisoner has become entitled to be discharged." By virtue of this writ of habeas corpus, upon a petition addressed to the supreme court these children were produced in court. Upon such production of the children, the relator asked the court to award their custody to him. That application was not made under the statute allowing a writ of habeas corpus to be granted (the writ had expended its force when the children were produced in court); but the relator then asked the supreme court (as the court which had succeeded to the power of the court of chancery, and thus having jurisdiction over minors) to award him the custody of the children. That motion was met by the production of this record, by which it was adjudged that the respondent was entitled to such custody. And before the supreme court, in the exercise of its jurisdiction, can reverse or supersede this order by which the custody of the children was awarded to the respondent, the relator must allege and prove that, in consequence of some changed condition which affected the right of the custody of the children, it is now for their interest that their custody should be awarded to him. The allegation in the traverse to the return to the writ is a general allegation that the respondent is not a fit and proper persons to have the custody of the children. This is identically the issue presented to the superior court upon the former hearing, and there adjudged against him. To entitle the relator to reopen that question and retry that issue, the allegation must be plain and distinct that it is a new issue to be tried, not the old one, and that the respondent since the former adjudication has become unfit to retain the custody of the children. No such allegation was made here, and, so far as appears, no such claim has been made. What this relator wishes to do is to have the question determined by the order of the superior court retried before another tribunal, which he hopes to persuade to come to a different conclusion. The orderly administration of justice requires that such an attempt should not be allowed to succeed, even so far as to undertake the investigation. No order, however, was entered by the justice before whom these proceedings were had upon this motion to dismiss. The order that was entered, and from which the appeal is taken, was an interlocutory order directing that further testimony be taken before a referee. The order, however, was not an order of the justice, but an order of the court, entered as a court order. The petition was addressed to the supreme court, not to a justice thereof; and the prayer of the petitioner was that the court would grant a writ of habeas corpus, directed to the respondent, commanding him to bring up the said children to abide such order as the court may direct. The proceeding was instituted to obtain an order from the court, as a

successor to the court of chancery, awarding the custody of the children to him; the writ of habeas corpus being used merely to bring the children before the court, and place them in the custody of the court, that the court could act upon the application. In a technical sense, there was no evidence that these children were restrained of their liberty. They were in the custody of the respondent, he supporting and maintaining them. The nature of these proceedings upon the return of such writ is discussed by the chancellor, and other justices of the court of errors, in the case of Mercein v. People, 25 Wend. 94, where it was held that such a writ of habeas corpus, and such a proceeding for the custody of the children, were before the court, not before the chancellor out of court; that the order of the chancellor awarding the custody of the children to the mother was properly entered with the register of the court, and became a matter of record; that such an order, having been once entered, was a binding adjudication upon the parties, and could not be called in question in a subsequent proceeding; and that the court, on a new proceeding, was bound to follow that order or adjudication, unless new facts were alleged, which had occurred subsequent to the decision on the former writ, which had altered the state of the case, or the relative claims of the parents to the custody of the children, in a material aspect. This then being an application to the court for the exercise of the jurisdiction vested in it as the successor to the court of chancery for the custody of these children, the respondent was, upon the record, entitled to an order upon the former adjudication that he was entitled to the custody of the children; and where the court refused to enter such an order, to which the appellant was entitled, but directed a reference to take proof of the facts produced in support of the petition, the question is whether or not such an order is appealable.

It is claimed by the relator here that we should dismiss this appeal under section 2058 of the Code, by which an appeal is restricted to a final order made upon the return of such writ to discharge or remand a prisoner or dismiss the proceeding; and In re Larsen, 96 N. Y. 382, is cited in support of this construction of the Code. This provision of the Code, however, relates strictly and solely to writs of habeas corpus, and the proceeding thereon. In that case the question presented was on an appeal from an order by which a justice of the court, at special term, had required the respondent to the writ to make a further return; and the court of appeals held that the order requiring such further return was not appealable to the general term. In this case the one proceeding which was before the court was as to the return that should be made to the writ of habeas corpus. No motion was then pending, addressed to the court, upon a subject entirely distinct from the production of the persons alleged to have been illegally detained. The question came as to the return to the writ. In the case at bar a return had been made. The children were before the court, and the relator then asked the court to award to him the custody of the children. We have thus a new proceeding commenced, in

which the powers of the supreme court, as a successor to the court of chancery, are invoked to give to this relator substantial relief. Upon the record the respondent moves to dismiss the writ. To an order dismissing the writ he was entitled, and on that motion the court, instead of passing upon that question, appoints a referee to take testimony,—not upon the return to the writ of habeas corpus as to the detention of the person alleged to be illegally detained, but to take testimony as to whether or not the court, in the exercise of its power, shall award the custody of these children to the relator. We think this order is appealable,—not under the sections of the Code regulating the proceeding upon a writ of habeas corpus, but under the general power vested in this court to review all orders affecting a substantial right, or involving some part of the merits, in either an action or special proceeding made at a special term or trial term of the supreme court. Code, § 1347. We have had occasion lately to examine this question as to the appealability of orders in special proceedings, as in Manhattan Ry. Co. v. O'Sullivan, 37 N. Y. Supp. 1063; and, upon the principles stated in that case, it is clear that any order made upon this application to the supreme court which involved a substantial right was appealable,—not as an order made in a habeas corpus proceeding, but as an order made in the matter of the application of this relator for the custody of these children. It is clear that this order affects a substantial right. Under it this respondent will be compelled to again produce to the referee his evidence as to the question of the custody of these children,—a question which has once been adjudicated in his favor. The expense of that proceeding he must bear, and we think it was his right to have had an order then entered dismissing the proceeding, and not compelling him again to litigate a question which a binding adjudication has settled in his favor.

We think, therefore, that the order appealed from should be reversed, and an order entered dismissing the proceeding, with costs.

BARRETT, J., concurs.