(109 App. Div. 583.)

PEOPLE ex-rel. DURYEE v. DURYEE.

(Supreme Court, Appellate Division, First Department. December 8, 1905.)

HABEAS CORPUS—CUSTODY OF CHILDREN.

    Relator and respondent had been separated for seven years, during which respondent had had the custody of her children whom she had supported; respondent claimed that all of them having been awarded to her by a divorce decree which she obtained from relator in June, 1900. Thereafter she took the children to Italy to complete their education, during all of which time relator had contributed nothing to their support. *Held*, that relator was not entitled to maintain habeas corpus to obtain the custody of one of such children.

    [Ed. Note.—For cases in point, see vol. 25, Cent. Dig. Habeas Corpus, § 84.]

Appeal from Special Term, New York County.

Habeas corpus by the people, on relation of Gustavus Abeel Duryee, against Emma G. Duryee. From an order denying a motion to dismiss the writ, defendant appeals. Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, LAUGHLIN, and HOUGHTON, JJ.

J. Campbell Thompson, for appellant.
Walter I. McCoy, for respondent.

McLAUGHLIN, J. This is an appeal from an order directing the appellant to produce in court at a time named (or in default thereof that a warrant issue for her commitment without further notice) Agnes G. Duryee, aged 11 years and 4 months, a daughter of the relator and the defendant. From the return to the writ and the traverse thereto it appears: That the parties were married in the state of New York and that there are three children of the marriage—Charles G., aged 13 years and 11 months; Mary G., aged 12 years and 10 months; and Agnes G., of the age above stated. That the parties separated about seven years ago, the defendant taking the three children and going to the state of Rhode Island, where, according to her contention, she obtained a residence for herself and them, and in June, 1900, an absolute divorce from the relator—the decree in that action awarding to her the custody and control of the children. That thereafter, for the purpose, among others, of educating the two daughters, she took them to Naples, Italy, where they have since remained, and where they were in a convent at the time this proceeding was instituted and the return to the writ filed. That since the

separation took place she has supported all of said children, and has had the sole care and custody of them. The fact that the infant whose possession the relator now seeks to obtain is in Italy was not disputed by him; nor was the fact that since the separation above alluded to took place all of the children have been entirely supported by the appellant, and that she has, during that time, had their sole care and custody.

Upon the undisputed facts I am of the opinion that the writ should have been dismissed. It might well be doubted, under the decision in People ex rel. Winston v. Winston, 31 App. Div. 121, 52 N. Y. Supp. 814, whether the court had any jurisdiction to adjudicate as to the custody of the child. This decision, it is claimed, has been overruled by People ex rel. Billotti v. New York Juvenile Asylum, 57 App. Div. 383, 68 N. Y. Supp. 279, and People ex rel. Dunlap v. New York Juvenile Asylum, 58 App. Div. 133, 68 N. Y. Supp. 656. It is difficult to reconcile, in some respects, these decisions, but the conclusion at which I have arrived renders it unnecessary to determine whether or not the former is overruled by the two latter. Under the Domestic Relations Law (chapter 272, p. 215, Laws of 1896) the rights of the husband and wife to the custody of their infant children are equal. This fact, in at least a degree, the relator seems to have recognized, because since the separation he admits he has in no way contributed to the support of the daughter, Agnes G., whose possession he now seeks to obtain. She was then four years of age, and since that time the appellant has had the sole care, custody, and maintenance of her. If the daughter could be intrusted, when of such tender years and for such a length of time, to the care and custody of the mother, it would seem to follow, nothing appearing to indicate to the contrary, that she could thereafter be intrusted to complete her education. Whether this be so or not, I am of the opinion, upon the facts as now presented, the relator is not entitled to the custody of the child, and the appellant ought not to be required to produce her, for which reason the motion to dismiss the writ should have been granted.

The order appealed from, therefore, must be reversed, and the motion to dismiss the writ granted, with $50 costs and disbursements. All concur.