THE PEOPLE OF THE STATE OF NEW YORK ex rel. LOIS C. SPRECKELS Relator, *v.* JOHN LOUIS DERUYTER, Respondent.

Supreme Court, New York County, January 9, 1934.

*W. T. Van Alstyne* [*T. J. McManus* of counsel], for the relator.
*Weschler & Kohn* [*J. C. Weschler* of counsel], for the respondent.

COLLINS, J.   By this habeas corpus proceeding the mother of two infants seeks to regain their custody.   Their father has possessed them since June 3, 1932, under a separation agreement.

Both children are boys.   One is aged four years and ten months and the other two years and seven months.

Contemporaneously with the separation agreement the parents were divorced in Nevada, but the decree omits mention of the custody of the children.   On July 15, 1932, the mother married Adolph Spreckels, of San Francisco, a man of substantial means, who has appeared before me personally and beseeched the care of the children.

Recently, the father appeared as corespondent in a divorce action, and the defeated defendant therein sued him for breach of promise to marry.   More, she has sojourned at the home of the father's elderly parents, with whom the children, in charge of a nurse, make their home.

The mother wants her children; the children need a mother. Both children require medical attention; one of them is highly nervous, and the father, seemingly, is unable to cope with him. The children lack that nurture which only a devoted mother can supply; with exceedingly rare exceptions there is no substitute for maternal attachment; no replacement for the fealty lavished by a mother.

The father contends that since he and the children reside in New Jersey, this court is without jurisdiction to entertain the petition; that section 70 of the Domestic Relations Law does not authorize the granting of custody in the circumstances here disclosed; that the separation agreement, which fixes the custody in him, should not be disturbed, and finally, that the well-being of the children requires that their keeping continue in him.

I am satisfied that the father is a resident of New York.   Such residence confers jurisdiction upon this court.   (*Winston* v. *Winston*, 31 App. Div. 121, 124.)   The authority to entertain the petition is not dependent upon the Domestic Relations Law; the broad powers of equity over infants encompass the right to make such determination concerning custody as their welfare dictates.   (*Wilcox* v. *Wilcox*, 14 N. Y. 572; *Matter of Lee*, 220 id. 532; *People ex rel. Jones* v. *Johnson*, 205 App. Div. 190, 193; *Matter of Stewart*, 77 Misc. 524, 526.)

The separation agreement is not decisive of the capital issue which this proceeding presents.

Children are not chattels, subject to bargain and sale; they may not be leased or disposed of as commodities.   The law does not recognize an irrevocable arrangement regarding the custody of

infants. Whether the arrangement be the culmination of agreement between the parties, or stipulation by the court, it is susceptible to change if the good of the infants impels a change. The supreme consideration is the interests of the children; whatever is best for them the court will decree.

Frequently, wresting the custody of children from one parent and awarding it to another is a heart-wrenching process. But this distaste for disturbing family ties is leavened by the demands of the children. Not only should the court not shrink from its responsibility, but the welfare of the children compels the exercise of the court's functions. The concern of equity is not for the parents, but for the children. (*Finlay* v. *Finlay*, 240 N. Y. 429; *People ex rel. Pruyne* v. *Walts*, 122 id. 238; *Matter of Standish*, 197 App. Div. 176.)

By agreeing that the father have custody, the mother did not forever forfeit her claim to the children. Motherhood is not so easily abdicated; cognation is not so easily severed. In any event, the mother's conduct is not the prime consideration here. What she did is important only as bearing upon her fitness to be the custodian of her children.

I am persuaded that by bestowing custody upon the father, the mother did not intend to abandon her children. She did not desert them; there was no fatal exposure of unmotherly spirit; no exhibition of irredeemable callousness. An egregious blunder, yes. Apparently circumstances harassed her into doing what she soon regretted. That act did not foreclose her from thereafter reasserting her maternity. Although the agreement was indiscreet, yet if she is now fit to be the guardian of the children, and if their welfare demands that they be restored to her, the act of indiscretion must yield to the greater urge. (*Matter of Stewart, supra; Matter of Tierney*, 128 App. Div. 835; *Ullman* v. *Ullman*, 151 id. 419; *People ex rel. Armour* v. *Armour*, 147 Misc. 313.)

The evidence convinces me that the children are not in such surroundings as conduce to their happiness and well-being. I am satisfied that their mother loves them, that she is genuinely devoted to their welfare, and that she and her present husband are able to and will provide the children with the home and training and education they deserve and should receive.

Accordingly, the custody of the children is awarded to the mother. The father may have reasonable opportunity to see them and have their custody at suitable intervals. For the sake of their children, the parents should agree upon the terms of visitation. If they are unable to agree, let them submit written suggestions concerning visitations. Settle order on notice.