In a habeas corpus proceeding instituted by appellant to secure custody of her infant daughter, order dismissing the writ of habeas corpus and awarding custody of the infant to respondents, modified on the law so as to provide for visitation by appellant and, as so modified, affirmed, without costs. The infant whose custody is the subject of this proceeding was delivered to respondents for the purpose of adoption a few days after her birth, through arrangements made by a brother and sister of appellant and, apparently, with her consent. Although the record does not disclose an abandonment within the meaning of the adoption statutes, and ordinarily appellant would have an absolute right to custody as against respondents, it has been determined at Special Term that appellant is presently unable to discharge her duties in the premises or to provide a home for her daughter, who is presently being well eared for in the home of respondents. The order appealed from states that it is made for the “good and welfare of said child.” Considerations affecting the best interests and welfare of a child may justify the court in withholding custody temporarily even from a parent, and are so purely matters of discretion with the court of original jurisdiction that its conclusion thereon will not be reviewed unless some, manifest error or abuse of discretion is made to appear. (Matter of Knowaclc, 158 N. Y. 482; Matter of Welch, 74 N. Y. 299; People ex rel. Pruyne v. Walts, 122 N. Y. 238.) The order appealed from withholds such custody under present circumstances, but will be no bar to a future application to change custody if conditions change. (Matter of Standish, 197 App. Div. 176.) Appellant, however, although not entitled to present custody, has not forfeited her parental right of visitation, and appropriate provision should have been made therefor in the Order appealed from. (Cf. People ex rel. Meredith v. Meredith, 27? App. Div. 79, 89.) If counsel are able to agree as to the manner in which such right should be exercised, they may so stipulate. If not, appropriate provision will be made in the order to be entered hereon. Nolan, P. J., Carswell, Johnston, Adel and Sneed, JJ., concur. Settle order on notice.