# SUPREME COURT.

In the Matter of ALEXANDER FORSYTH, an infant.

*New York Juvenile Asylum — Their power to bind out a child committed to their charge by a police magistrate.*

The New York Juvenile Asylum of the city of New York have power, under the eighteenth section of their charter, in their discretion, to bind out a child who is under the age of fourteen and above the age of seven years, and who has been committed to said asylum by a police justice after having been proved by competent evidence to be embraced within the eighteenth section of the act, entitled "An act relative to the powers of the common council of the city of New York and the police and criminal courts of said city, approved January 23, 1883."

*At Chambers, December,* 1883.

THE writ commanded the superintendent of the house of reception of the New York Juvenile Asylum of the city of New York, to have the body of Alexander Forsyth before the supreme court of the state of New York, together with the time and cause of his imprisonment and detention. In the return to the writ, it was stated that the person in said writ mentioned and described was in the custody of the New York Juvenile Asylum, and detained therein under the mag-

istrate's warrant of commitment thereto annexed, bearing date January 6, 1883. ·

That the said Alexander Forsyth, is not now and has not been in the custody of said New York Juvenile Asylum since the fifteenth of November, last past, but is in the custody of Herman Bartles, Bunker Hill, Macoupin county, state of Illinois. By the magistrate's warrant of commitment, which was directed to any one of the policemen in the city of New York, it was stated that " you are hereby commanded to take charge of Alexander Forsyth, a child under the age of fourteen and above the age of seven years, who has been proved by me by competent evidence to be embraced within the eighteenth section of the act, entitled 'An act relative to the powers of the common council of the city of New York and the police and criminal courts of said city, approved January 23, 1833,' and who also appears to my satisfaction to be a proper object for the care of the managers of the New York Juvenile Asylum in the city of New York, and to deliver the said child without delay to the said corporation at its house of reception in this city,' " &c.

*John C. Fraser*, for relator.

*C. D. Adams*, for New York Juvenile Asylum.

LAWRENCE, *J.*— The New York Juvenile Asylum's return to the writ: " That the person in said writ mentioned and described as Alexander Forsyth was in the custody of the New York Juvenile Asylum by and under the magistrate's warrant of commitment, hereto annexed, and bearing date January 6, 1883 ; that the said Alexander Forsyth is not now and has not been in the custody of said New York Juvenile Asylum since the fifteenth day of November last past, but is in the custody of Herman Bartels, Bunker Hill, Macoupin county, state of Illinois." By the commitment it appears that the child was committed to said asylum by police justice Power on the 6th day of January, 1883, which commitment

recites that the child is under the age of fourteen and above the age of seven years, and has been proved by competent evidence to be embraced within the eighteenth section of the act entitled "An act relative to the powers of the common council of the city of New York, and the police and criminal courts of said city, approved January 23, 1883." It is claimed by the counsel for the petitioner that under chapter 112 of the Laws of 1878, section 1, the Juvenile Asylum was prohibited from binding out this child at any time before one year had elapsed from the date when he was placed in the care or custody of said asylum. There is no positive evidence before me that such child has been bound out to the party mentioned in the return, but I think that it may be fairly said that that fact was assumed to exist on the argument. But assuming that to be so, I am of the opinion that this case is not governed by the act of 1878, but by section 18 of chapter 245 of the Laws of 1866, which is an act amending the act incorporating the New York Juvenile Asylum. Section 18 of that act provides " that the said corporation shall have power in its discretion to bind out or indenture as clerks or apprentices, in this state and also in any state of the United States which shall by its laws recognize the validity of such indentures, to some profession, trade or employment, the children intrusted or committed to its charge, and for a shorter or longer period, not exceeding the age of twenty-one years males, and eighteen years for females." This act is not repealed by any provision which I have been enabled to find in the act of 1878, above referred to. The first section of that act refers to the binding out of children who have been surrendered to the care or custody of an orphan asylum or other incorporated institution, by the parent or guardian thereof, or left to its care with no provision for support, for the space of one year, or placed there by the superintendent of the poor of the county, or the overseers of the poor or board of charities of any city or county within which said asylum is located. In this case the child Alexander Forsyth

does not come within either of the cases designated in said first section of the act of 1878, inasmuch as the commitment was by a police magistrate. The third section of the act of 1878 does not apply to this case, as it seems to me, for the reason that that section refers to the adoption of children who have been placed under the care and custody of any incorporated charitable institution, or for their transfer to any incorporated non-sectarian institution or society, to be selected by parties or persons seeking homes or occupations for children, if said society shall consent to receive them. As I have before remarked, the act of 1866, amending the charter of respondents, is not repealed by chapter 112 of the Laws of 1878 in terms. The latter act is entitled "An act to amend chapter one hundred and fifty-nine of the Laws of eighteen hundred and fifty-five, entitled 'An act to allow the trustees, directors or managers of incorporated asylums to bind out orphans or indigent children surrendered to their care.'" These acts are general acts, and are not designed to control the particular powers vested in institutions incorporated under special charters. It appears to me, therefore, that the respondents had power, under the eighteenth section of their charter, in their discretion, to bind out the child in question to a person in the state of Illinois, if the laws of Illinois recognize the validity of such indentures, and, as in this case there is nothing before me to show that the laws of said state do not recognize the validity of such indentures, the validity of the same will be assumed. Even if I am wrong in my construction of the statute, as the respondent shows that the child was not in its custody when the writ was served, and as there is nothing before me to show that he was sent out of the state for the purpose of evading the process of the court, I do not think that I can do otherwise than to dismiss this writ.