·(32 Misc. Rep. 74.)

PEOPLE ex rel. VILLOTTI v. NEW YORK JUVENILE ASYLUM.

(Supreme Court, Special Term New York County. June, 1900.)

1. JUVENILE ASYLUMS—AUTHORITY TO INDENTURE CHILDREN.

Under the act incorporating the New York Juvenile Asylum (Laws 1851, c. 332, pp. 638, 639, § 18), conferring on the corporation the power, in its discretion, to bind out or indenture children committed to its charge for a period not exceeding, in the case of girls, the age of 18 years, and in that of boys the age of 21 years, and the charter of the corporation (sections 7, 8), providing that such corporation may take under its management children between 5 and 14 years of age, who, by consent in writing of their parents or guardians, shall be voluntarily surrendered to it, and that such children shall be deemed to be in lawful charge of such corporation, etc., the corporation has no authority to indenture children who have been voluntarily surrendered to it for a limited period beyond such limited period.

2. HABEAS CORPUS—JURISDICTION—DISMISSAL.

Where a juvenile asylum in the state indentured children to parties in Illinois for a longer period than authorized by law, and against the father's protest, habeas corpus proceedings instituted by the father will not be dismissed because the children are not before the court, since the removal of the children under the circumstances will be regarded as equivalent to taking them beyond the state for the purpose of avoiding its jurisdiction.

3. APPRENTICES—STATUTES—EXTRATERRITORIAL FORCE.

An act passed by the state of Illinois, declaring that indentures for apprenticeship of any minor theretofore made or hereafter made between the New York Juvenile Asylum and any citizen of Illinois in substance and form as provided by its act of incorporation shall be valid and binding, has no force in a case where the asylum has indentured children to parties in Illinois for a period longer than authorized by law, and against the protest of the father, who resides in New York, since such act has no extraterritorial force.

4. HABEAS CORPUS—JURISDICTION.

Where a juvenile asylum in the state has indentured children to parties in Illinois for a longer period than authorized by law, and against the father's protest, the fact that the persons to whom the children have been apprenticed have refused to surrender them to the asylum does not make it incumbent on the father, who has instituted habeas corpus proceedings against the asylum, to resort to the courts of Illinois, since he has been deprived of the custody of his children by defendant's fault.

5. SAME—DEFENSES.

Where a juvenile asylum in the state has indentured children to parties in Illinois for a longer period than authorized by law, it is no defense to habeas corpus proceedings by the father against the asylum that he now seeks the custody of the children because they can render services which will be pecuniarily beneficial to him, as he has a legal right to those services.

Application by the people, on the relation of Guiseppe Villotti, for a writ of habeas corpus to the New York Juvenile Asylum. Writ granted.

Michael J. Scanlan, for petitioner.

Goeller, Shaffer & Eisler (Robert Goeller, of counsel), for respondent.

LAWRENCE, J.  Under a voluntary surrender by the father of the three children mentioned in the petition to the New York Juvenile Asylum for the period of two years, within a few months after such surrender the asylum assumed to apprentice such children to certain parties in the state of Illinois; the girls until they were 18 years of age, and the boy until he should become 21 years of age.  This is conceded by the counsel for the respondent in his brief, and the position is taken that there is no difference between the case of a child who has been voluntarily surrendered for a limited period and one who has been committed to such asylum by a police magistrate.  This position is untenable.  A voluntary surrender for a limited period clearly does not confer power upon the asylum to indenture the child beyond that period, and during the entire time of its minority, as has been done in this case.  Section 18 of the charter of the respondent does not profess to give such power.  It confers upon the corporation the power in its discretion to bind out or indenture as clerks or apprentices to some profession, trade, or employment children intrusted or committed to its charge; and for a shorter or longer period, not exceeding, however, in the case of girls, the age of 18 years, and in that of boys the age of 21 years.  See act incorporating New York Juvenile Asylum (Laws 1851, c. 332, pp. 638, 639, § 18).  This section must read in connection with sections 7 and 8 of the charter of the corporation, which provide as follows as to the voluntary surrender of children:

"Sec. 7. The said corporation may receive and take under its care and management (1) children between five and fourteen years of age, who, by the consent in writing, of their parents or guardians, shall be voluntarily surrendered and entrusted to it. * * *

"Sec. 8. Children entrusted to this corporation by the voluntary act of their parents or guardians, shall be deemed to be in the lawful charge and custody of the said corporation; and such surrender shall be evidenced by a writing in form and substance as follows, viz.: 'I, A. B., father, mother or guardian (as the case may be) of C. D. (a boy or girl), aged (blank years), born in (blank), do hereby surrender and entrust to the New York Juvenile Asylum, for the period of (blank) years the entire charge, management and control of the said C. D., and do hereby assign to, and invest the said corporation with the same powers and control over the said C. D., as those of which I am possessed.' "

It requires no argument to show that the surrender for a limited time of children between the ages of 5 and 14 years, under the sections aforesaid, does not mean the right to dispose of the custody of the child irrespective of the wishes of the parent during its entire minority.  If such be the fact, then there is no distinction between a surrender for a limited and for an unlimited period of time.  In re Forsyth, 66 How. Prac. 180, cited by the counsel for the respondent, is not in point.  That case was decided by me in 1881, and relates exclusively to children committed to an asylum by a police justice.  The statute makes a clear distinction between the two cases, to wit, the

voluntary surrender of the child and its involuntary commitment by a police magistrate in a quasi criminal proceeding. In this case the surrender of the children was made September 13, 1897, for two years, as is conceded by the counsel for the society. On January 17, 1898, James, aged 14 years, was indentured to James A. Hasbrouck, of Crescent City, Iroquois county, Ill., for a period of $6^7/_{12}$ years; Annie, aged 10 years, was indentured July 7, 1898, to Charles Lanhead, of Orange post office, Iroquois county, Ill., for a period of 8 years; Rosie, aged nearly 8 years, was indentured September 10, 1898, to Joseph McIntosh, of Gilman, Iroquois county, Ill., for the period of $10^3/_{12}$ years. It cannot be held that under a limited surrender of the children there is any justification for this action on the part of the respondent. I do not think the point well taken that because the children in this case are not before the court this writ must be dismissed. See People v. Paschal, 68 Hun, 345, 22 N. Y. Supp. 881. It is admitted in the letter from Mr. Williams, the president of the New York Juvenile Asylum, to the Reverend Mr. Kinkead, that the children were sent West apparently under a misapprehension, and that the society apparently had not the legal right to do so, as the father was alive. (See letter of September 22, 1899.) The removal of the children under such circumstances may be regarded, I think, as equivalent to taking them beyond this state for the purpose of avoiding its jurisdiction; and the case in this respect differs most widely from the Case of Forsyth, and that of People v. Winston, 31 App. Div. 121, 52 N. Y. Supp. 814. In the Forsyth Case there was no question as to the limited surrender, and the right to apprentice the child to a person residing out of the state was clear from the facts presented. In the Winston Case the child was in the custody of its mother, who, it was not denied, was a resident of the state of New Jersey. In this case the respondent is a resident of this state, and subject to the jurisdiction of the court. And it presents no justification for sending the children, without the consent of the father, beyond such jurisdiction. In doing so it committed an illegal act, which ought not to be available as sustaining a plea of want of jurisdiction on the ground of the absence of the children. The fact that the state of Illinois has passed an act declaring that indentures for apprenticeship of any minor theretofore made or hereafter made and executed between the New York Juvenile Asylum, a corporation created by act of the legislature of the state of New York, passed June 30, 1851, and any citizen in that state, in substance and form as provided by its act of incorporation, shall be valid and binding, does not affect this case, because such act can have no extraterritorial force, and also because, if the views above stated are correct, the indentures in question are not in substance such as the asylum was authorized to execute under its charter. Nor do I regard the point taken by the respondent's counsel to the effect that, as the persons to whom the children have been apprenticed have refused to surrender them to the asylum, it is incumbent upon the petitioner to resort to the courts of Illinois for redress. Concededly, he has been deprived by the respondent of the custody of his children beyond the period for which they were surrendered, not only without his fault, but against

his protest. To compel him under such circumstances to incur the expense of legal proceedings for the recovery of his children would be a hardship to which he should not be subjected. He has the legal right to the custody of his children, and he cannot be deprived of it by the misapprehension of the respondent. It is also urged by the respondent that the father now wishes to secure the custody of his children for the reason that they may render services which will be pecuniarily beneficial to him. There is nothing before me to show that such is his motive. But, even if it is, he has a legal right to those services. I am of the opinion, therefore, on all the facts, that the respondent should be compelled to restore the children to the custody of the petitioner.

Ordered accordingly.