In re TIERNEY.

(Supreme Court, Appellate Division, Second Department. November 20, 1908.)

1. PARENT AND CHILD (§ 2*)—CUSTODY AND CONTROL OF CHILD—PROCEDURE.
   In proceedings by a father to recover possession of his child which was in the custody of its mother, it was proper to invoke the chancery power of the court by petition.
   [Ed. Note.—For other cases, see Parent and Child, Cent. Dig. § 25½; Dec. Dig. § 2.*]

2. PARENT AND CHILD (§ 2*)—CUSTODY OF CHILD.
   Where the mother without excuse and without being free from fault abandoned her home, and is without means of supporting her child, who was living with a sister of the mother, on proceedings by the husband to obtain the custody of his daughter, an order refusing the same will be reversed.
   [Ed. Note.—For other cases, see Parent and Child, Cent. Dig. §§ 13–15; Dec. Dig. § 2.*]

Appeal from Special Term, Kings County.

Application by John H. Tierney to recover possession of his child. From an order denying the application, petitioner appeals. Reversed, and petition granted.

Argued before WOODWARD, JENKS, HOOKER, RICH, and MILLER, JJ.

George D. Beattys, for appellant.
T. J. Moissen, for respondent.

MILLER, J. This is a proceeding instituted by the petition of a father to obtain the custody of his daughter, a child of seven years. The petition was opposed by the mother, who now has the custody of the child.

It was proper to invoke the chancery power of the court by petition. Wilcox v. Wilcox, 14 N. Y. 575; Matter of Knowack, 158 N. Y. 482, 53 N. E. 676, 44 L. R. A. 699. The controlling question is the welfare of the child. The record discloses that the father and mother are living separate and apart from each other, and that the mother abandoned the home provided by the husband, and brought an action for separation on the ground of cruel and inhuman treatment. In that action the court dismissed the complaint on the mer-

its, and found that the defendant had not been guilty of any of the acts charged, and that "said plaintiff has not during all the time of the said marriage with the defendant always conducted herself as a dutiful wife and mother." Thus we approach the consideration of the question before us with the established fact that the mother, without excuse and without being free from fault herself, abandoned the home provided by the husband. It further appears that the mother is without means of supporting the child, who is now living with an aunt, a sister of the mother. The record before us contains a letter, written by said aunt to the sister of the child whose custody is in dispute. That letter, in connection with the other circumstances disclosed, convinces us that the welfare of the child requires that she be removed from her present surroundings.

The order should be reversed and the petition granted.

Order reversed without costs, and petition granted without costs. All concur.