(95 Misc. Rep. 330)

## In re REMSKE.

(Supreme Court, Special Term, Nassau County. May, 1916.)

INFANTS ⊖16—CUSTODY AND PROTECTION—JUVENILE DELINQUENTS—"PARENT"—"GUARDIAN"—"CUSTODIAN."

Under Penal Law (Consol. Laws, c. 40) § 486, subd. 5, authorizing commitment of children to state institutions in certain cases where the "parent," "guardian," or "custodian" of the child was present at its examination or was notified, a commitment of a bastard child for deserting home on complaint of its mother's husband, under section 486, subd. 7, without notice to, or presence of, the mother, is without jurisdiction, the husband not being the parent, guardian, or legal custodian, within the statute, and the mother is entitled to the custody of the child so committed.

[Ed. Note.—For other cases, see Infants, Cent. Dig. § 16; Dec. Dig. ⊖16.

For other definitions, see Words and Phrases, First and Second Series, Guardian; Parent.]

Application by Annie Remske for the restoration to her of her child, George Klein, from the custody of the Board of Managers of the State Agricultural and Industrial School at Industry, Monroe County. Granted.

H. Willard Griffiths, of New York City, for petitioner.
Frederick G. Traver, Dist. Atty., of Kingston, opposed.

HASBROUCK, J. Subdivision 5 of section 486 of the Penal Law provides:

"Whenever any child shall be committed to an institution under this chapter, and the warrant or commitment shall so state, and it shall appear therefrom that either parent, or any guardian or custodian of such child, was present at the examination before such court or magistrate, * * * no further or other notice required * * * shall be necessary, * * * to authorize * * * institutions * * * to * * * retain such child in its custody."

A complaint was made by one Joseph Remske, the husband of Annie Remske who had a bastard child named George Klein, against the said child under subdivision 7 of section 486 of the Penal Law, before the justice of the peace of the town of Hempstead, Nassau county, N. Y., sitting as a Children's Court, October 22, 1915. A hearing was had upon such complaint, and, without it appearing that the mother was present in the court or had notice of the hearing, George Klein, after having admitted the charge of deserting the home of Joseph Remske, was committed to the State Agricultural and Industrial School at Industry, N. Y.

Application is now made by the mother to obtain custody of her son. It is objected that this proceeding by petition is not warranted.

There seems to be precedent for it in Application of Tierney, 128 App. Div. 835, 112 N. Y. Supp. 1039, citing Matter of Knowack, 158 N. Y. 482, 53 N. E. 676, 44 L. R. A. 699. If the complainant before the Children's Court was not the parent or custodian of Klein, and his mother had not notice of the proceeding, it would seem to me there was no jurisdiction in the court to commit the defendant Klein. Furman v. Van Sise, 56 N. Y. 435, 15 Am. Rep. 441.

The statute speaks with exactitude the language of the law, and not common parlance, in the use of the terms "parent," "guardian," and "custodian." What is meant is the legal parent, guardian, or custodian. Measured by such interpretation, the question is: Was Joseph Remske the legal custodian of Klein? There was no obligation resting on Joseph to support and maintain his wife's child. Such is the obligation rather of the mother. Herein lies the reason for holding the legal custody to be in her. Furman v. Van Sise, 56 N. Y. 435, 15 Am. Rep. 441.

Petition granted.