In the Matter of the Petition of ALFRED J. WAINMAN for a Writ of Habeas Corpus Directed to PEARL RICHARDSON, Defendant.

Supreme Court, Oneida County, September, 1922.

Habeas corpus — infant girl two and one-half years of age left in the custody of her deceased mother's sister in preference to her father.

A father applies for a writ of habeas corpus to obtain the custody of his daughter from his deceased wife's sister. It appears that the infant is two and one-half years of age; that the father never remarried; that he has no home of his own; that the mother with her child resided at times with defendant and during the mother's illness defendant had the care and custody of the child; that the defendant has always stood *in loco parentis* to the child. *Held*, that the welfare of the child will be better promoted by leaving her in the custody of the defendant, her maternal aunt, and the petition will be dismissed without prejudice for reapplication, order to provide that the petitioner may have the privilege of visiting the child.

PETITION for writ of habeas corpus for the custody of one Elsie Mae Wainman, an infant.

*Southworth & Scanlan*, for petitioner.

*Lee, Dowling & Brennan*, for defendant.

MARTIN, LOUIS M., J. The petitioner herein is the father of said infant, and the only surviving parent, the mother of said infant having died February 20, 1922. The petitioner has not remarried, and since the death of his wife has had no home of his own, and is now engaged in the automobile repair business in Lowville, Lewis county, N. Y., and boards with a family in said village. Petitioner has not been very steadily employed by one employer until recently; but at the present time appears to have a more congenial and permanent place. No criticism of the standing or conduct of petitioner is made or considered in the decision of this matter.

After the marriage of petitioner with the mother of said infant, they resided in various places; part of the time in New Hartford, part of the time in Utica, and part of the period out of the state; living in rented rooms, and on several occasions prior to and after the birth of said infant, they resided with this defendant and her husband, particularly on occasions when the wife of petitioner was ill. After the birth of said infant, the mother was at times ill, and the petitioner allowed her to reside with the child in the home of defendant.

There never was any friendship between the families of the petitioner and that of his wife; in fact, a decided ill feeling existed and still exists. It is one of the causes of this litigation, and seems to be more in evidence than any real desire to promote the welfare of the child. The defendant, however, at all times treated petitioner

kindly when living with her, and does not appear to share the same degree of hostility that is manifest in the rest of the interested parties.

During the mother's illness, and in fact prior thereto, this defendant with the consent of petitioner had the care and custody of this child, and before the mother's death and during her last illness, by common consent, took the child to her home in Albany, N. Y., petitioner, since his wife's death, having perfect freedom to visit the child as often as he pleased; in fact, on several occasions, was requested so to do, particularly when the child was ill, and on but two occasions has he availed himself of this privilege.

This defendant and her husband have a comfortable home in Albany, N. Y., are people of means with one child of their own, a boy nine years of age, and do not ask or desire to receive any compensation for the care of this infant, but are anxious to keep the child of their sister, on account of the love and affection they bear towards it, brought about by their having had it in their family and as a part of their household for a greater portion of its life. The child is two and one-half years old, unable to exercise judgment, dependent on some one besides its mother to give it that personal care and attention and affection that it would have received from her who gave it birth; and could the mother have the power at this time to choose, no doubt but that she would select her sister who had been a second mother to the child in the recent past.

The father and mother of the petitioner are residents of New Hartford, N. Y., have a splendid reputation, but are not so situated that they could take the child and give it a home; and, in fact, should not be so burdened during the remainder of their lives. Petitioner desires to have the child taken to Lowville, N. Y., and reside with the lady with whom he boards in said place, or to have it given in to the care and custody of his sister, Mrs. Arnold, and her husband, of Utica, N. Y.

The welfare of this child would be better promoted to leave her where she is, for the present, than to act on either of the above suggestions. The lady with whom the petitioner boards is along in years and has cares of her own that must take her entire attention a considerable portion of her time. Mr. and Mrs. Arnold are active in their own affairs; have no children of their own, and neither of them has heretofore evidenced any desire to have the child. And inasmuch as neither the child nor its mother prior to her death would have been welcome to their home, I fail to see how they could, under normal conditions, give this child the natural love and affection so essential to the growth and happiness of a child of such tender years. It is " the duty of the court in a proceeding involving the custody of the child to look solely to

his welfare and to decide accordingly." *Matter of Lee,* 220 N. Y. 532–538; *Matter of Riemann,* 31 N. Y. St. Repr. 13, 15; *Matter of Welch,* 74 N. Y. 299. That this will be promoted by denying this application and leaving this child with the defendant seems conclusive to me at the present time. This defendant now is and has been practically since its birth *in loco parentis* to the child. It knows no other mother, its affections now are centered in her. Later she, no doubt, will have an affection for her father; that is, when she becomes of sufficient mental capacity to know and act for herself, and this love and affection will be increased, if the father uses that judgment which he should now use and leave this child for the present where it will be surrounded by a mother's care, rather than to invoke the stern arm of law and place it with strangers. There is no hardship to the parent; he can visit this child as often as he desires; provide for it, if he wishes; but all the time it will be in a place where it will be under the protection of a close relative who has an affection for it. The father, of necessity, no matter where he is, cannot care for it himself; and can only see it, if in his own home, morning, noon and night, and then not be able to give it much attention. It cannot be said that any other person suggested on this hearing, no matter how worthy, can give to this child at the present time such care and attention as would appeal to the sense of justice of the court as this defendant.

An order may be made dismissing the petition, without costs, and providing that the infant, Elsie Mae Wainman, remain in the care, custody and control of defendant, Pearl Richardson; that petitioner may have the privilege to visit the child at the home of defendant and her husband at any future date; and that petition for writ is also denied, without prejudice to reapplication.

Ordered accordingly. ————————