In the Matter of the Adoption of LILLIAN MILLER, a Minor, under the Age of Twelve Years, by CHARLES MILLER.

County Court, Erie County, December, 1922.

Adoption — infant child — promise of mother — when mother improper person to have care of child adoption will be allowed without her consent.

Upon an application for an order allowing the petitioner to adopt a girl, now about two years of age, it appeared that at the birth of the child her mother, living separate and apart from her husband and six children whom she had deserted in another state, was in poor financial circumstances. When the child was about ten days old the mother turned it over to the petitioner with the intention that he should adopt the child but later when adoption papers were prepared she refused to sign the necessary documents, and notice of hearing upon the application herein was given to her and she appeared personally and by attorney, and objected to the granting of the order asked for. The testimony disclosed that since the child was taken by petitioner the mother has seen but very little of her and has contributed practically nothing for her support; that she sought to have some one other than her husband held as the father of the child; that she has not sufficient income to properly maintain the child and no place to keep the child where it would be as well taken care of as it would be by petitioner

and his wife.  *Held*, that it clearly appearing from all the testimony and the report of the probation officer that the petitioner and his wife are reputable, orderly people, and in a position to give the child, to whom they are very much attached, proper care and attention, the order asked for will be granted upon execution of the proper papers.

ADOPTION proceeding.

*Lester Beitz*, for petitioner.

*Daniel J. Hanley*, for respondent.

NOONAN, J.  On or about May 20, 1920, one Frances Sabo gave birth to the infant in question at Buffalo, N. Y.  At that time she was living separate and apart from her husband and six other children whom she had deserted at Beaver, Penn., and was in poor financial circumstances.  She was attended in her confinement by a reputable physician of many years' experience, and expressed a wish to him that somebody might adopt the child as she was unable to care for it.  The doctor had long been the family physician of the Millers, and knowing that they wanted to adopt a girl, brought the parties together.  He is positive in his statement that an adoption was intended when the mother turned the child over to the Millers, the child at that time being about ten days old.  Later on when adoption papers were prepared, the mother of the child refused to sign the necessary documents, and so Charles L. Miller petitioned the court for an order allowing him to adopt the child, and notice of the hearing upon said application was given to Frances Sabo.  She appeared personally and by attorney, and on the 4th and 11th days of November, 1922, the witnesses produced by both parties were examined at considerable length.

It appears that since the child was taken by the Millers the respondent has seen it but very little, and has contributed practically nothing to its support.  The records in the office of the commissioner of charities for Erie county show that Mrs. Sabo, soon after the birth of the child, sought to have some one other than her husband held as the father of the child, but the department upon learning that she was married, refused to institute the proceedings.  Since the birth of the child Mrs. Sabo has worked as a waitress in restaurants, and for a period of about six months was housekeeper for a man by the name of Allen at 1763 Broadway, where she was known as Mrs. Allen, but both she and Allen strenuously deny that there was anything improper in their relations.  Mrs. Sabo objects to the adoption of the child by the petitioner, and proposes to have it boarded in some other place, not having a home where she could keep it herself.

From the testimony taken at the hearing and from the report made by the probation officer, it clearly appears that the Millers are reputable, orderly people, and in position to give the child proper care and attention. They are well regarded in their community; are regular church attendants, and have taken excellent care of the child and are much attached to her.

I am aware that very strong reasons should be given before the court should allow a child to be adopted against the wishes of a natural parent, but as it is " The duty of the court, in a proceeding involving the custody of a child, to look solely to its welfare and decide accordingly " (*Matter of Wainman* v. *Richardson,* 119 Misc. Rep. 363; *Matter of Lee,* 220 N. Y. 532, 538), I feel that the adoption should be allowed.

The conduct of the mother in regard to her other children has been so unnatural and selfish that the court is warranted in the conclusion that she is not a proper person to have the care and custody of the infant in question. In addition to this, she has no place to keep the child where it would be as well taken care of as it would be by the Millers, and Mrs. Sabo has not a sufficient income to properly maintain and care for the child.

It is a little hard to understand the reason for Mrs. Sabo's sudden interest in the child, especially when we consider her utter lack of interest in her other six children, and even if she were well able financially to support and care for the child, and had a desirable home for it, it would then be a very serious question whether her character is such as would warrant the giving of the child into her custody.

In the *Wainman* case, above referred to, the court denied the father, a reputable person, the custody of the child, on the theory that the welfare of the child would be best served by leaving it in the custody of a maternal aunt. In the present case the Millers, in addition to being the better people to have the custody of the child, are entitled to much consideration because the child, according to the testimony of the doctor, was taken for adoption as the mother could not properly support it, and the mother should not now be permitted after the Millers have cared for the child and become attached to it, to repudiate her promise made when the child was surrendered.

An order may be entered allowing the adoption of the child by the petitioner upon the execution of proper papers.

Ordered accordingly.