THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSEPH A. ROBERTS, Relator, *v.* LILLIAN KIDDER, Respondent.

Supreme Court, Kings County, September 25, 1929.

*Strongin & Hertz* [*Milton Hertz* of counsel], for the relator.

*Bonynge & Barker* [*Le Roy B. Iserman* of counsel], for the respondent.

CALLAGHAN, J. The question presented here is the most perplexing with which the court is called upon to deal. The welfare of the children is the paramount consideration in applications of this kind, yet, when the question of custody of children is presented, it is usually attended by a great deal of ill feeling on the part of the adults. That is apparent in this proceeding. The father of these children and their maternal grandparents have been at war since about the time of the marriage of the children's parents. Presumably there is no method by which their differences can be reconciled. Neither side is amenable to reason. During the married life of the parents of these children there were disputes

arising constantly between them, and on some occasions the petitioner assaulted his wife, and tries to justify such assaults in his testimony on this proceeding. The children are both girls, one six and the other seven years of age. The mother died in October, 1928, after a lingering illness. Since that time the children have been with the maternal grandparents, and the petitioner, their father, has provided a substantial sum for their support and maintenance.

The father is the natural guardian of his children, and under ordinary circumstances is entitled to their custody and control. But the court has power, and it is its duty, to act at all times for the best interests of the children, and, if their welfare requires that their custody be given to their grandparents, it is right and just that such disposition be made. (*Matter of Meyer*, 156 App. Div. 174; *Matter of Wainman* v. *Richardson*, 119 Misc. 363.)

The children are receiving excellent care. The grandparents and the aunt, with whom they are living, have a genuine affection for them, and will no doubt continue to bestow their affections upon the children and give them a suitable and proper home for their comfort and care. The father offers no substitute for the care of these children which equals that which they are now enjoying. He first proposed to send them to a boarding school. It seems to me that all reasonable adults will agree that that is not the best way to care for children of such tender age. The father further suggested that his mother and sister might establish a home and take care of the children, but apparently that cannot be done.

It is now suggested that a sister, who has eight children, the oldest of whom is fifteen years of age, will provide a home for the children. The relatives of the father have never known the children, have seldom seen them, and have taken no interest whatever in their welfare up to the present time. The grandparents are respectable people of moderate means, and they maintain a comfortable home, where the children will in the future receive the very best of care and attention. Under such circumstances it seems to me that it would be detrimental to the welfare of these children to disturb their custody at this time.

I am not unmindful of the charges which the father has made concerning the care which these children have had, but I do not credit the statements made by him or the inferences which he desires to be drawn. They have not been permitted to run wild, as has been suggested. They have had better care than the average children of their age.

An order will be entered providing that the maternal grandparents may have the custody and control of the children, but that the father

may see them at any reasonable time, and, if he desires, he may take them once a week at any time that will not interfere with their schooling or their health. I hope that the parties may agree in the order upon the time which the father may visit or have the children, but if they are unable to do so, that question will be determined upon the settlement of the order.