In the Matter of the Custody of Elizabeth A. Vzga, an Infant. Stanley Vzga, Petitioner. Eva Dunn, Respondent.

Supreme Court, Trial Term, Columbia County, April 25, 1951.

*William C. Martin* for petitioner.

*Arthur J. Harvey* for respondent.

Hamm, J. On February 23, 1940, a child, Elizabeth Ann, was born to the marriage of Marion Vzga and the petitioner, Stanley Vzga. At that time the mother and father were living with Eva Dunn, the respondent and sister of Marion Vzga. Until 1943, the petitioner and his wife resided with the respondent. The petitioner then established a separate residence apart from his wife and child, who continued to live with the respondent. In September, 1945, a decree of absolute divorce was entered by default in Albany County, New York, in favor of Marion Vzga. The decree awarded custody of the child to her mother and required the defendant to pay $7 a week for support of the child. The mother and child continued to reside with the respondent and, as a matter of fact, the child has always resided with the respondent, even to this day. On December 13, 1946, the petitioner in New Jersey married his present wife, who had obtained a divorce from her previous husband. The

petitioner and his second wife now reside in the village of Liverpool, New York.

Payments of the weekly support ordered under the decree of divorce were irregular until January 13, 1948, when proceedings were brought in the Children's Court of Columbia County, New York; at that time the petitioner herein voluntarily appeared and payments thereafter were made with substantial regularity, although no payments were made on accumulated arrearage.

The petitioner has seen his daughter only three times in the past eight years and his claim to custody is not based on any allegation that the respondent is an improper person to care for the child. Rather, he contends that as the natural parent he has the paramount right to custody.

The child testified at the hearing of the return of the writ before this court. She was well dressed, radiantly healthy and happy and very contented with her surroundings. With intelligence she expressed ardently the desire to remain with her maternal aunt.

It is the well-established law of this State that in habeas corpus proceedings concerning the custody of a child the welfare of the child is of primary importance. (*Matter of Bock,* 280 N. Y. 349; *Matter of Meyer,* 156 App. Div. 174; *People ex rel. Walters* v. *Davies,* 143 Misc. 759; *Matter of Wainman* v. *Richardson,* 119 Misc. 363.)

At pages 761–762 of *People ex rel. Walters* v. *Davies* (*supra*) Mr. Justice HEFFERNAN with clarity and understanding expressed the principle: '' I cannot agree with the conclusion of the referee, however, that this child should be returned to his mother. Apparently he was influenced in reaching this determination solely because she is the mother. Counsel for both parties have called my attention to authorities which they urge are controlling. In a situation such as this legal precedent is of little avail. Each case, of necessity, must be a law unto itself. It cannot be doubted that the Supreme Court, as the guardian of all infants under its extraordinary equity powers, may in a proper case award the custody of an infant to one not legally entitled thereto. The welfare of the child has always been recognized as the paramount consideration. The child is not a chattel. The parent has no proprietary right to his custody as such. Instances are not uncommon where the court has interfered even with the control of a parent. The claims of parents are always subordinate to the welfare of children. My duty, and my only duty, is to look to the child's welfare

and to decide accordingly. In making that determination I must make answer to my own conscience. This child is now six years of age. He has been separated from his mother since his birth. He has been nurtured and sustained by the respondents without assistance from the parents. They have grown to love him and in return he reciprocates that affection. He knows no other father or mother.''

Careful consideration of the evidence shows that the child is a stranger to her father, notwithstanding his expressed desire now to give her care, love and affection. His conduct over the years shows a lack of such love. To remove the child from the only home she ever has known to live among strangers during the impending crucial and formative period of her life would be an injustice to her.

There was received the testimony of substantial witnesses, including the Mayor of the Village of Valatie where the child and her aunt reside. And it must be inferred conclusively from their testimony as to reputation that the character of the aunt is irreproachable. Prior to his first marriage the petitioner served in Clinton Prison at Dannemora approximately five years of a sentence imposed after a conviction of attempted robbery. He testified his income was approximately $60 a week but he has an obligation to support his stepchild, a son of his wife's prior marriage. Moreover, he is illiterate to the extent of being unable to write and he speaks English only with marked defectuosity.

It is true, as alleged by the petitioner, that as father he is the natural guardian and entitled to custody in ordinary circumstances. But the welfare of the child is superior and the court must conclude that her interest may be promoted and protected only by her remaining with her maternal aunt.

The writ of habeas corpus is dismissed. Custody is awarded to Eva Dunn with leave to the father to visit and see the child at reasonable times.

An order may be submitted in accordance herewith.